IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES WILLIAMS, JR., K03023, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-3128 |
| ) | |
| DR. DEANNA BROOKHART, ) | |
| Acting Warden, Lawrence ) | |
| Correctional Center, ) | |
| ) | |
|     Respondent. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

James L. Williams, Jr., K03023, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

As directed, the Respondent filed an Answer and attached the state court record.

Petitioner filed a Reply.

Upon reviewing the record, the Court finds that no hearing is warranted.

For the reasons that follow, the Court concludes that Petitioner is not entitled to habeas relief.

I.

In 2004, Petitioner James L. Williams was charged with attempted first degree murder, attempted armed robbery and unlawful use of a weapon by a felon in the Circuit Court of Sangamon County. *See People v. Williams*, 2017 WL IL App (4th) 160923-U. The Petitioner was represented by Attorney Matthew J. Maurer during plea negotiations, trial, sentencing and post-trial motions.[1] The Petitioner rejected a plea agreement that called for eighteen years of imprisonment because he believed he would be acquitted at trial. In July 2005, the Petitioner was convicted on all counts.

At sentencing, the prosecutor incorrectly stated that Illinois law required the Petitioner to serve only fifty percent of any term of imprisonment. However, the law actually required that Petitioner serve eighty-five percent of any such term. Counsel did not object and the court imposed the maximum prison term for each count: thirty years for attempted murder, fifteen years for attempted armed robbery and five years for unlawful use of a weapon, with the attempted murder and attempted armed robbery terms to run consecutively for an aggregate of forty-five years.

Defense counsel moved to reconsider the sentence based on the prosecutor's misstatement. At a hearing on the motion in November 2005, the prosecutor

---

[1] Matthew Maurer is now an Associate Judge in the 7th Judicial Circuit, Sangamon County.

represented that defense counsel was unaware of the eighty-five percent requirement at sentencing, though counsel himself made no such representation. The court denied the motion to reconsider, stating that Petitioner should serve the maximum sentence for attempted first degree murder regardless of whether he was required to serve fifty percent or eighty-five percent of the sentence.

Following affirmances of his convictions on direct appeal, the Petitioner filed a postconviction petition arguing that trial counsel's ineffectiveness at the plea stage led him to reject the State's offer. The Petitioner alleged that counsel failed to advise him that the terms of imprisonment could run consecutively and that he would have to serve at least eighty-five percent of any prison term.

At an evidentiary hearing on the petition, the Petitioner conceded that "he rejected the offer because '[he] didn't think that [he] could be found guilty,'" and the court found as a factual matter that Petitioner's "reason for rejecting the plea agreement was that he though he had a viable defense at trial." The Petitioner also testified that counsel never discussed the possibility of consecutive sentences or the eighty-five percent requirement. However, the trial court discredited that testimony, finding that counsel "properly advised [Petitioner] that consecutive sentences were a possibility and that [he] would be required to serve at least 85% of the of the sentence he received." The court denied the petition, finding that Petitioner proved neither deficient performance nor prejudice.

The appellate court affirmed, rejecting the Petitioner's ineffective assistance claim on the merits.

The Illinois Supreme Court denied the petition for leave to appeal.

The Petitioner timely filed a § 2254 petition which raises the same ineffective assistance claim. The Petitioner asks that his conviction be reversed or that his sentence be vacated and he be re-sentenced to the eighteen years at eighty-five percent consistent with the plea offer.

II.

A petitioner asserting an ineffective assistance of counsel claim must show that counsel's performance was objectively deficient and this lack of competent representation resulted in prejudice. *See United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1993)). To show prejudice, the petitioner must show there is a reasonable probability that but for counsel's mistakes below, the result of the proceedings would have been different. *See id*. When, as here, a habeas petitioner alleges ineffective assistance of counsel led him to reject a plea agreement, he must show that but for counsel's errors, there is a reasonable probability that he would have accepted the plea agreement and received a lesser sentence. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Because the state court has rejected the claim on the merits, the Petitioner must also show that the state court's decision contradicted or unreasonably applied

Supreme Court law or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

The state court's factual findings are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). The court heard testimony from the Petitioner and counsel and found that counsel correctly advised the Petitioner about the possibility of consecutive sentencings and the requirement that he serve at least eighty-five percent of any term of imprisonment. The court also noted that Petitioner was not credible when he testified that he was misinformed in those respects. This Court has no basis to revisit the state court's factual findings. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (noting that federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

The Petitioner claims that counsel could not have advised him of the eighty-five percent requirement because counsel did not object when the prosecutor stated at sentencing that Petitioner would have to serve only fifty percent of his sentence. The Petitioner's assertion is speculation. Counsel's failure to correct the prosecutor's misrepresentation at sentencing sheds no light on what counsel explained to Petitioner at the plea stage, much less clearly and convincingly rebuts the state trial court's factual findings.

5

The Petitioner also is unable to show that the appellate court's prejudice determination was unreasonable. He testified at the evidentiary hearing that he rejected the plea offer not because he did not know the possible penalties or what percentage of any term of imprisonment he was obligated to serve, but because "[he] didn't think that [he] could be found guilty." Relying on that testimony, the appellate court reasoned that "[Petitioner] was going to trial regardless of the sentencing penalties he faced." The Petitioner's own testimony makes clear that he is unable to establish prejudice as required under *Strickland* and *Lafler*. Accordingly, the Court concludes that the appellate court reasonably concluded that Petitioner could not prove prejudice.

Upon reviewing the record, the Court finds that Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), and thus is not entitled to a certificate of appealability under Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability should issue only if the Petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court finds that reasonable jurists would not debate that Petitioner's claim lacks merit, the Court will deny a certificate of appealability.

Ergo, the Petition of James Williams, Jr. for Writ of Habeas under 28 U.S.C. § 2254 [d/e 1] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Habeas Corpus Cases, the Court DENIES issuance of a certificate of appealability.

The Clerk will terminate the Petitioner's motion for status [d/e 11].

The Respondent's motion to substitute counsel [d/e 13] is GRANTED. Assistant Attorney General Nicholas Moeller is substituted as counsel of record. Assistant Attorney General Eric Levin is terminated as counsel of record.

Pursuant to Habeas Corpus Rule 2(a) and Federal Rule of Civil Procedure 25(d), Dr. Deanna Brookhart, Acting Warden at Lawrence Correctional Center, is substituted as the Respondent. Kevin Kink is terminated as a party.

The Clerk will enter Judgment and terminate this case.

ENTER: June 4, 2019

FOR THE COURT: /s/ *Richard Mills*
Richard Mills
United States District Judge